RECEIVED
MAY 0 2 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| GERSON NUNEZ,<br>     Petitioner, | )<br>) | D.C. NO.: A99-0036-02-HRH-JMF |
| vs. | )<br>)<br>) | |
| UNITED STATES OF AMERICA,<br>     Respondent. | )<br>)<br>)<br>) | Hon. H. Russel Holland,<br>U.S. District Judge |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND PRESENTENCE REPORT INVESTIGATION (PSI)**

   **NOW COMES**, Gerson Nunez, Petitioner, Pro se, in the above matter; does submit and file this "Memorandum Of Law In Support Of Motion To Amend Presentence Report Investigation (PSI)"; and after review of all records, pleadings, motions, exhibits, documents, and things alike; does respectfully move the Honorable Court to **GRANT** Petitioner motion in the interest of justice; and, in the interest of Petitioner's rehabilitation to re-entry back to society.

   In support of said Memorandum of Law, Petitioner avers the following:

Page -1-

## PRELIMINARY STATEMENT

Petitioner is pro se in the instant case, and in accordance with the mandate of the decisions of the United States Supreme Court in **Haines v. Kerner**, 404 U.S. 519 (1972); **Estelle v. Gamble**, 429 U.S. 97 (1976), the Court must liberally construe the instant matter as Petitioner is not an attorney and cannot be held to the same standard. **Resnick v. Hayes**, 200 F.3d 641, 644 (9th Cir. 2000). indicating that a court must construe pro se complaints liberally and in the light most favorable to the plaintiff.

## JURISDICTION

The Court has jurisdiction to hear the matter as Petitioner was sentenced in the United States District Court--District of Alaska. Petitioner also invoke Rule 60(b); and Title 18 U.S.C. §3231, and any other jurisdiction that may apply to the instant motion.

## INCORPORATION BY REFERENCE

Petitioner hereby incorporates by reference all Court records, files, documents, pleadings, motions, exhibits, and things alike, as if same were set forth herein, as if same were annexed hereto.

## ARGUMENT

Petitioner is seeking the assistance of the Court for the only purpose of correcting the Presentence Report Investigation (PSI) paragraph 57, to properly reflect the abuse of drugs which Petitioner mistakenly denied the use of "Narcotic". On paragraph 57, Petitioner denied the use of **narcotic**, Petitioner understood that the word narcotic means **"Pain Killer Pills"**, Petitioner did not understood that narcotic also means "use of drugs" i.e. cocaine, ectasy ect. This error of omission is necessary to correct in order for Petitioner to participate in the BOP rehabilitation program hereinafter referred as the Residential Drug Abuse Program (RDAP).

The Petitioner is Hispanic speaking and has a decent command of the english language, however, there are times when certain terminology colloquism, idioms and other socio-cultural expressions, may not be fully interpreted (correct usuage or meaning) by the Petitioner. As a consequence of the foregoing not being correctly understood by Petitioner the record and PSI does not indicate any drug problems; and, therefore, Petitioner PSI does not have the criteria required by BOP for the rehabilitation Residential Drug Abuse Program (RDAP) which the BOP offers to rehabilitate inmates and be ready to re-entry back into society.

Petitioner now moves the Court to correct the error and Amend the PSR to reflect the disability of "drug abuse". The Honorable

Judge James M. Fitzgerald in the Judgment and Commitment on Page 4 of 8 Attached herein as Exhibit -A- clearly demonstrated some concern of Petitioner risk of drug abuse. The Judge stated that 'the defendant shall refrain from any unlawful use of controlled substance...'. Further, the Honorable Fitzgerald during sentencing mentioned the same concern by stating: **"I am going to find that there may be a risk of future substance abuse, and you shall refrain from the unlawful use of controlled substance..."** Sentencing Report Page -9- Attached herein as Exhibit -B-.

In further support of Petitioner motion to amend the PSI paragraph 57, Petitioner enclosed as Exhibit -C- a letter addressed to the Psychology at FPC-Canaan from Mr. Jamal Kalee Ferguson Psychotherapy which has been sent to BOP Psychology.

In the case at bar, Petitioner is only seeking to amend paragraph 57 of the PSI. A PSI may be corrected at any time. <u>United States v. De La Rosa</u>, 2005 US Dist. Lexis 926 (Southern District of New York January 21, 2005). Further, pursuant to Rule 60(b) of the Fed. Rules Civ. P., the amendment may be corrected as a civil or criminal matter. The interest of justice are served. In the case at bar, there are no administrative remedies available as it is the Court record that requires amendment. Petitioner avers that there is a fundamental miscarriage of justice that may occur should the record not be amended. <u>United States v. Tamez</u>, 2006 U.S. Dist Lexis 73522 (miscarriage of justice-fundamental-defect-legal standard).

Page -4-

## REQUEST TO EXPEDITE MOTION TO AMEND PSI

In 1984, Congress enacted 28 U.S.C. §1657(a), (The Act), concernign the priority of civil actions in federal courts as part o a larger, unrelated bill. The Act grants a court wide discretion to organize its docket. However, certain specific actions are named the highest priority civil actions--habeas corpus actions, recalcitrant witness actions and actions for preliminary or temporary injunctive relief. The Act also directs the Court to determine if a request for expedited consideration has merit. 28 U.S.C. §1657.

Petitioner request to expedite should be granted for the following reasons:

1. In order to be interview for the Residential Drug Abuse Program inmates most be within 36 months remaining of they sentence.

2. Petitioner at this moment is 34 months remaining of his sentence. Therefore, Petitioner respectfully move this Court to expedite this motion according with the authority set forth in 28 U.S.C. §1657.

## CONCLUSION

**WHEREFORE,** Petitioner prays this Court for the following relief:

1. **GRANT,** Petitioner motion to amend the PSI specifically paragraph 57.

2. **GRANT,** Petitioner request to expedite.

3. **GRANT,** any and all other relief this Court deems just and proper according to law all in the interest of justice.

Respectfully Submitted this 26th day of April, 2007

*Gerson Nunez*
Gerson Nunez
Reg. No. 46057-054
FPC-Canaan, P.O. Box 200
Waymart, PA 18472

///
///