NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:99-cr-0036-2-HRH |
| ) | |
| Plaintiff, ) | |
| ) | GOVERNMENT'S OPPOSITION |
| vs. ) | TO NUNEZ'S MOTION TO |
| ) | AMEND HIS PRESENTENCE |
| GERSON NUNEZ, ) | REPORT |
| ) | |
| Defendant. ) | |
| ) | |

     The United States by Assistant United States Attorney Audrey J. Renschen, hereby submits this opposition to Gerson Nunez's shortened time motion to amend his presentence report.  Neither the factual information nor the law Nunez

**United States v. Gerson Nunez**　　　　　　　　　　　　　　　　　　　　3:99-cr-0036-2-HRH

submitted provides this court with jurisdiction or a legal basis to grant the relief Nunez is requesting.

**The District Court Does Not Have Jurisdiction to Amend a Presentence Report Post-Sentencing**

First, Nunez erroneously relies on Rule 60(b) and 18 U.S.C. 3231 as the jurisdictional basis for his motion. Rule 60(b) does not apply in criminal cases. United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir.1994). The Federal Rules of Civil Procedure, by their own terms, apply only to *civil* actions. *See* Fed.R.Civ.P. 1 (stating that "these rules govern the procedure ... in all suits of a civil nature").

18 U.S.C. 3231 gives the district court jurisdiction over Nunez' original criminal case. That original jurisdiction does not extend to make the district court available to Nunez whenever he chooses to file a motion.

Second, Fed. R. Crim P. 32 requires corrections or challenges to a Presentence Report to be made *before* sentencing, when the evidence is readily available, and any disputes can be properly vetted. There is no legal precedent authorizing the district court to go back after sentencing (in this case seven years later) to resolve an alleged factual dispute in the presentence report. To the contrary, the Ninth Circuit in United States v. Freeny, 841 F.2d 1000, 1002 (9th

Cir.1988) (per curiam) held that the district court had no jurisdiction under Rule 32 to entertain a post-sentencing motion that alleged factual inaccuracies in a post-sentence report. Freeny noted that Rule 32 "allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later." Id.

Freeny's factual situation involved defendants who waived their Presentence Report, and by plea agreement were to receive an agreed upon specific sentence upon conviction. Later, after a disagreeable parole report, they tried to go back to the district court, and relying on Rule 32, argued that the court was obligated to have a Bureau of Prisons report amended.

**Nunez Is Similarly Seeking Bureau of Prisons' Relief from the District Court**

Nunez was sentenced over seven years ago, on April 6, 2000. Docket 376. Today he is seeking to gain admission to the Residential Drug Abuse Program that under 18 U.S.C. 3621(e)(2)(B) offers an early release of up to one year as an incentive for substance abusers to successfully commit treatment. According to his motion, because Nunez has no documented drug abuse, he has been denied admission by the Bureau of Prisons.

**Nunez Does Not State That He Has a Substance Abuse Problem**

The factual bases underlying Nunez's request for an amendment to the Presentence Report are (1) a purported linguistic misunderstanding, (2) Judge

Fitzgerald's order to refrain from future use of controlled substances, and (3) a letter from an apparent treatment provider stating that Nunez had received out patient treatment "for drug addiction since June 1998." A closer review of those bases reveal that none of them realistically document that Nunez in fact had any drug abuse or drug addiction.

Nunez's first basis, that because he is Hispanic he misunderstood the Presentence Report writer's question about drug use, is certainly suspicious. A review of the Presentence Report shows it was prepared by Sylvia Carvajal, who would have interviewed Nunez. This court is certainly aware from its experience with Ms. Carvajal, that she spoke Spanish fluently, and often translated information for defendants when other interpreters were unavailable.

Furthermore, it is difficult to conceive that if Ms. Carvajal believed that Nunez had a drug abuse problem that she would have crafted the information in paragraph 57 the way she did:
"The defendant stated that he has never used any narcotic controlled substances. During the initial pretrial services interview in New York [where Nunez was arrested on the Indictment], the defendant submitted to a voluntary urinalysis which tested negative for the all [sic] drugs tested." That language suggests that Ms. Carvajal believed the drug test corroborated Nunez's denial.

Nunez's second basis simply implies that Judge Fitzgerald would not have ordered him to refrain from unlawful use of controlled substances if Nunez did not have a substance abuse problem. That implication is undermined by the statutory requirement of 18 U.S.C. 3583(d). " The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release." Thus, Judge Fitzgerald's only reference to drug use by Nunez was statutorily-required language, rather than a responsive reference to any perceived drug use.

Nunez's third basis for his alleged drug abuse is a letter about Nunez's "out patient services for drug addiction since 1998." That letter has no obvious indices of reliability. Although the letter appears to be on letter head from the Lester A. Drenk Behavioral Health Center, it contains no address or telephone contact information. A Google search reveals that it is located in Hainesport, New Jersey (http://www.drenk.org/). It is difficult to conceive that Nunez would participate in out patient services for drug treatment in New Jersey, during a time period when he was residing in Anchorage, Alaska.

As noted in the Presentence Report, Nunez lived in Alaska from 1993 until his arrest in 1999. Presentence Report ¶ 48. He filed for a Permanent Fund

Dividend check from 1995 through 1998. Presentence Report ¶ 51. Nunez engaged in education and training in Alaska in 1998, and worked here from 1993 until March of 1999, when he was arrested. Presentence Report ¶¶ 58-60.

Additionally, undersigned counsel did a Google search on the alleged writer of the letter, and the only result appearing for "Jamal Kalee Ferguson", linked back to a "Disciplinary Truancy Liaison" for the Philadelphia School District (http://www.phila.k12.pa.us/regions/central/regionalstaff.htm).

While these Google searches are certainly not dispositive, they raise questions that could not be answered in the brief time the government was given to respond to Nunez' motion. Undersigned counsel also notes that a May 7, 2007 phone message left on the answering machine at the telephone number provided in the letter remains unanswered as of the filing of this motion.[1]

**Conclusion**

---

[1] The answering message stated, " you have reached the voicemail box of 215-888-6727. To leave a voice message, press 1, or just wait for the tone.")

There is no legal basis to authorize the district court to amend Nunez's Presentence Report. Nor is there arguably an equitable reason to do so. The factual bases Nunez asserts do not support a reason to believe he has, or had, a substance abuse problem.

Nunez has presented no legal reason for the district court to interfere with or question decisions by the Bureau of Prisons. His motion should be denied.

RESPECTFULLY SUBMITTED THIS 11th day of May, 2007 at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Audrey J. Renschen
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: audrey.reschen@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on May 11, 2007
a copy of the foregoing was served
by mail on Gerson Nunez, Reg. No. 46057-054,
at FPC-Canaan,
P.O. Box 200
Waymart, Pennsylvania 18472

s/ Audrey Renschen