IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,         )
                                  )
                    Plaintiff,    )
                                  )
        vs.                       )
                                  )
                                  )
FANNY MARGARITA PALACIOS-IBARRA,  )
et al.,                           )
                                  )
                    Defendants.   )
_____)
                                  )   No. 3:99-cr-0036-HRH
This Order Pertains to:           )
                                  )
GERSON NUNEZ [D-02]               )
_____)

O R D E R

Motion to Amend Presentence Report

     Defendant Gerson Nunez moves for an order amending paragraph 57 of his presentence report.[1] The motion is opposed.

     By paragraph 57, Nunez's Spanish-speaking presentence report writer stated that "defendant stated that he has never used any narcotic controlled substances."[2] In sentencing defendant, and without further explanation, Judge Fitzgerald stated: "I am going to find that there may be a risk of future substance abuse, and you

---

    [1]    Docket No. 642.

    [2]    Presentence Report at 10.

- 1 -

shall refrain from the unlawful use of controlled substances, and submit to a drug test within 15 days of release on supervised release...."[3]  Nunez argues that the presentence report is wrong because he misunderstood the presentence report writer's inquiries, and that the presentence report should be modified to reflect the abuse of drugs.  Nunez believes — likely correctly — that the presentence report statement stands in the way of his participating in a Bureau of Prisons drug treatment program.

Nunez contends that this court has jurisdiction to entertain his motion based upon Rule 60(b), Federal Rules of Civil Procedure, and 18 U.S.C. § 3231.  Rule 60(b) applies in civil cases, not criminal cases. Fed. R. Civ. P. 1.  Section 3231 of the criminal code provides this court with original jurisdiction of the indictment returned against Nunez, but that jurisdiction ended when the judgment against Nunez became final, almost six years ago.[4]  Nunez cites and the court is aware of no statutory authority for this court to reopen these proceedings for purposes of altering the record in this case in a fashion that might cause the Bureau of Prisons to include Nunez in a drug treatment program.  Moreover, what Nunez seeks — admission to a drug treatment program — is in substance a matter of prisoner administration which the Bureau of Prisons has authority to decide.  In the absence of jurisdiction, Nunez's motion must be denied.

---

[3]   Transcript of Sentencing Hearing at 10, Docket No. 388.

[4]   Judgment on Appeal (affirming district court judgment), Docket No. 456.

If this court did have jurisdiction, the motion would be denied anyway for each of the other reasons urged by the Government in its opposition to the instant motion.[5]  Nunez was assisted by counsel in these proceedings, and the time to raise questions and obtain a ruling about the accuracy of a presentence report is before sentencing, not years afterward.  See Rule 32(f)(1), (g), and (i)(3)(B), Federal Rules of Criminal Procedure; see also United States v. Freeny, 841 F.2d 1000, 1002 (9th Cir. 1988).

On the merits of Nunez's motion, the court is unpersuaded that he misunderstood the presentence report writer's inquiries; and, for the reasons argued by the Government, the court has doubts about the genuineness of the 1998 letter that Nunez has proffered in support of his motion.

The motion to amend presentence report is denied.

DATED at Anchorage, Alaska, this 15th day of May, 2007.

/s/ H. Russel Holland
United States District Judge

---

[5]   Docket No. 645.