


CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| **GERSON NUNEZ,**<br>Defendant,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>) | D.C. NO.: A99-0036-HRH<br><br><br><br>**Hon. R. Russel Holland**<br>U.S. District Judge |

# MOTION FOR RESENTENCING AND APPOINTMENT OF COUNSEL

**NOW COMES**, Gerson Nunez, Pro se, Defendant in the above entitled matter; does submit and file this "Motion For Resentencing And Appointment Of Counsel" pursuant to 18 U.S.C. §3582(c) and Federal Rule of Criminal Procedure Rule 44; and after consideration of all files, records, motions, pleadings, and things alike; respectfully moves the Honorable Court to **GRANT** this motion, in the interests of justice; and to prevent a miscarriage of justice.

In further support of this motion, Defendant urges the court to consider the following:

## PROCEDURAL HISTORY

1. On November of 1999, following a six day jury trial, Defendant Gerson Nunez was found guilty of Counts 1, 14, 17, 18, 19, and 23 as charged in the Second Superseding Indictment.

2. Defendant was found guilty; In Count 1 Conspiracy ot Possess with Intent to Distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §846; In Count 14 Distribution of Controlled Substance, cocaine in violation of 21 U.S.C. §841(b)(1)(C); In Counts 17-19 Distribution of a Controlled Substance, **cocaine base (crack)** in violation of 21 U.S.C. §841(b)(1)(B); In Count 23 Distribution of a Controlled Substance cocaine in violation of 21 U.S.C. §841(b)(1)(C).

3. The Presentence Report Investigation (PSI) included enhancement for drug quantity of cocaine attributable to Defendant Nunez at 41.58 kilograms of cocaine. This included an amount of cocaine base as noted in #4 infra.

4. The PSI at page 4-5 identified all the drugs that was attributed to Defendant for sentencing purpose (Attached -A- and -B-). The paragraph numbered herein are the **cocaine base only:**

Paragraph 22---**25.2 grams of cocaine base equivalent to 2520 grams;**
Paragraph 23---**25.4 grams of cocaine base equivalent to 2540 grams;**
Paragraph 25---**26.8 grams of cocaine base equivalent to 2680 grams;**
Paragraph 26---**25.8 grams of cocaine base equivalent to 2580 grams;**

Paragraph 28---27.1 grams of cocaine base equivalent to 2710 grams; Paragraph 72---9 ounces of cocaine base equivalent 25,515 kilograms.

5. Defendant base offense level by the U.S. Sentencing Guidelines for violation of 21 U.S.C. §841(a)(1) is found in U.S.S.G. §2D1.1. The base offense level is specified in the drug quantity table set forth in U.S.S.G. §2D1.(c). The U.S.S.G. offense level was 34.

6. On April of 2000, Defendant Gerson Nunez was sentenced to the lower end of the U.S.S.G. at 151 months imprisonment with five (5) years of supervised release.

Argument

Defendant Gerson Nunez, is Pro se, in the above motion for resentencing; and in accordance with the mandate of the Supreme Court in **Haines v. Kerner**, 404 U.S. 519 (1972) the court must construe Defendant pleadings liberally. See also **Bretz v. Kelman**, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)("We have an obligation where the petitioner is pro se ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"); **Garaux v. Pulley**, 739 F.2d 437 (9th Cir. 1984)("This circuit has long had a rule of liberal construction of pleadings presented by pro se litigants...").

On December 11, 2007, the U.S. Sentencing Commission voted unanimously to amend the U.S. Sentencing Guidelines for those offenders who have been convicted and sentenced with cocaine base (crack). The amendment was made retroactive. The Sentencing Commission chan-

ged the guidelines to reduce the disparity in prison time for cocaine and cocaine base (crack). Cocaine base resulted in a harsher sentence.

On December 10, 2007, the Supreme Court decided **Kimbrough v. United States**, No. 06-6330: "The crack/powder disparity originated in the Anti-Drug Abuse Act of 1986 (1986 Act), 100 Stat. 3207. The 1986 Act created two-tiered scheme of five- and ten-year mandatory minimum sentences fo drug manufacturing and distribution offense. Congress sought "to link the ten-year mandatory minimum trafficking prison term to major drug dealers and to link the five-year minimum term to serious traffickers."

The Supreme Court further noted that in a series of reports; the Sentencing Commission identified three problems with the crack/ powder disparity.

**First**, the Commission reported, the 100-to-1 ratio rested on assumption about "the relative harmfulness of the two drugs and the relative prevalence of certain harmful conduct associated with their use and distribution that more recent research and data no longer support. Ibid. United States Sentencing Commission, Report to Congress...." The Commission furthermore noted that "the epidemic of crack cocaine use by youth never materialized to the extent feared.

**Second,** the Commission concluded that the crack/powder disparity is inconsistent with the 1986 Act's goal of punishing major drug traffickers more severely than low-level dealers. ... But the

100-10-1 ratio can lead to the **"anomolous"** result that "retail crack dealers get longer sentences than the wholesale drug distributors who supply them the powder cocaine from which their crack is produced." id. at 174...

**Finally,** the Commission stated that the crack/powder sentencing differential **"fosters disrespect for and lack of confidence in the criminal justice system"** because of a "widely-held perception" that it "promotes unwarranted disparity based on race" ... Accordingly, the Commission recommended that the ratio be "substantially" reduced. id., at viii. The Commission has amended the U.S.S.G. to reflect a two (2) point reduction in offense level reducing the disparity resulting from the crack/powder ratio.

Title 18 U.S.C. §3553(a)(6) directs district courts to consider the need to avoid unwarranted disparities-along with other §3553(a) factors---when imposing sentences. To reach an appropriate sentence, these disparities must be weighed against the other §3553(a) factors and any unwarranted disparity created by the crack/powder ratio itself.

The Defendant in the case at bar, is a first time offender; and receive a harsh sentence because of the crack that was attributed to him for sentencing purposes. Defendant Nunez was sentence to 151-months with 5 years of supervised release. The mandatory minimum is ten (10) years (120 months). As of today, Defendant has served one hundred and five (105) months which exceed the mandatory minimum with

good time credit (GCT). Defendant was sentenced at level 34 (151-188 months). With a two (2) point reduction to level 32 (121-151) months, Defendant has served more than the entire sentence and exceeded the mandatory minimum.

The Defendant request modification of his sentence based upon the retroactivity on crack which was passed on December 11, 2007. Accordingly, an offender who has been convicted of crack can benefit with a least a two (2) point reduction of sentence. Defendant has served more than the mandatory minimum and is entitled to a reduction in sentence. The reduction would result in immediate release.

Defendant respectfully moves the Honorable Court to **GRANT** this motion and resentence Defendant to time served in the interest of justice.

**REQUEST FOR APPOINTMENT OF COUNSEL**

The Defendant respectfully moves the Honorable Court to appoint counsel to represent the Defendant in the above proceeding. Sentencing is a critical stage in the criminal proceedings. The Sixth Amendment right to assistance of counsel applies to every stage of criminal proceedings including sentencing. **United States v. Hamilton**, 391 F.3d 1066 (9th Cir. 2004) citing **Johnson v. Zerbst**, 304 US 458, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938)(Absence of counsel structural error).

This Court granted appointment of counsel to represent the Defendant during his trial as well for his direct appeal because he was indigent and/or unavailable to retain counsel. The district

court in **U.S. v. Zelenka**, 112 F.Supp.2d 708 (M.D. TN 1999) held that "in assessing a defendant's eligibility for appointed counsel, courts should look to assets that the defendant owns and controls"; see also **United States v. Lexin**, 434 F.Supp.2d 836 (S.D. Cal. May 22, 2006) citing **Zelenka**, id at 842.

Pursuant to Rule 44 Fed. Rule Crim. P.; and based on the foregoing; Defendant Gerson Nunez moves the Honorable Court to appoint counsel pursuant to his Sixth Amendment rights; and, the interest of justice.

## Conclusion

**WHEREFORE**, Defedant prays the Honorable Court isue an Order:

1. **GRANT**, the motion to reduce the Defendant's original sentence offense level two (2) points and resentence Defendant to time served; and,
2. Appoint counsel for purposes of resentencing; All of the foregoing in the interest of justice; and, to prevent a miscarriage of justice.

**FURTHER**, tha the Court provide any and all other relief it deems just and proper according to law and/or the retroactivity of the U.S. Sentencing Guidelines for crack in the interests of justice.

Respectfully Submitted this 21st day of December 2007.

Gerson Nunez, Pro se
Reg.No. 46057-054
SPC-Canaan, P.O. Box 200
Waymart, PA 18472

## CERTIFICATE OF SERVICE

I, Gerson Nunez, hereby certify that a copy of the foregoing **"MOTION FOR RESENTENCING AND APPOINTMENT OF COUNSEL"** has been deposited at SPC-Canaan "legal mail" that said copy was placed in a sealed envelope as dated and addressed to the followign party above.

Audrey J. Renschen AUSA
222 West 7th Avenue #9
Anchorage, AK 99513

Respectfully Submitted this 21st day of December 2007.

Gerson Nunez

Gerson Nunez
Reg.No. 46057-054
SPC-Canaan, P.O. Box 200
Waymart, PA 18472




Clerk of the Court
United States District Court
District of Alaska
222 West Seventh Avenue #4
Anchorage, AK 99513-7564

"LEGAL MAIL"