Law Offices of John C. Pharr
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| FANNY MARGARITA PALACIOS-IBARRA | ) |
|     a/k/a, "La Mexicana", | ) |
|     a/k/a, "Mex", a/k/a, "La Loca", | ) |
|     a/k/a, "Karla", a/k/a, "Kara", | ) |
|     a/k/a, Marangeli Castro Rivera, | ) |
|     a/k/a, Marangeli Rivera Castro, | ) |
| GERSON NUNEZ, | ) |
| MIRIAN YNOCENCIA NUNEZ a/k/a, Mirian | ) |
|     Ynocencia Ceballos-Liriano, | ) |
| JUAN FRANCISCO "Frank" RINCON VALERA, | ) |
| FELIPE ALBERTO NUNEZ MERCEDES, | ) |
| ANTONIO PANIAGUA HODGE, | ) |
| JULIO ENRIQUE VELEZ a/k/a, Antonio | ) |
|     Dominguez, a/k/a, "Tony", | ) |
| KARA GRACE CLEVELAND a/k/a, | ) |
|     "L'Americana", a/k/a, "La Gorda", | ) |
| LUIS SUAZO GUERRERO a/k/a, Papito", | ) |
| SALVADOR AYALA SANCHEZ, | ) |
| EDWARD S. LABERE a/k/a, "El Indio", | ) |
| EFRAIN LECHUGA GUTIERREZ | ) |
|     a/k/a, Lucas Gutierrez, | ) |
|     a/k/a, Antonio Gutierrez, | ) |
|     a/k/a, "Tony", a/k/a, "Lechuga", | ) |
| ARELIS YNOCENCIA CEBALLOS-LIRIANO, | ) |
| FELIPE SANCHEZ MONTES a/k/a, Felipe | ) |
|     Salazar, a/k/a, Homero Picazo, | ) |
|     a/k/a, "Marco", a/k/a, "Marcos", | ) |
| | ) |
| Defendants. | ) |
| _____ | ) Case No. 3:99-cr-036-HRH |

*MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE*
*United States of America v. Gerson Nunez*
*Case No. 3:99-cr-036-HRH*                                                                                                                        *Page 1 of 5*

### **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE**

*[Filed on shortened time.]*

The court has jurisdiction to modify the defendant's sentence now under the plain language of 18 U.S.C. § 3582(c) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Each of the predicate conditions conferring jurisdiction are met in this case. Defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission on November 1, 2007.

The last phrase of § 3582(c)(2):

> If such a reduction is consistent with applicable policy statements issued by the Sentencing Commission "supports the grant of this motion".

The Sentencing Commission determined that the amendments to the Sentencing Guidelines ameliorating the disparity between crack and powder cocaine sentence should be made retroactive.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE
*United States of America v. Gerson Nunez*
Case No. 3:99-cr-036-HRH                                              Page 2 of 5

This motion is entirely consistent without policy statement and, accordingly, should be granted.

The Sentencing Reform Act as interpreted in <u>United States v. Booker</u>, 543 U.S. 220 (2005), applies to every component of the Act including § 3582(c). Although <u>Booker</u> was presented as a constitutional case, the remedial portion of the opinion is one of statutory construction. As a matter of statutory construction, the Sentencing Reform Act only requires respectful consideration of the United States Sentencing Guidelines, but does not mandate adherence to the Sentencing ranges or to policy statements. 543 U.S. at 261; see also <u>Kimbrough v. United States</u>, 2007 U.S. 4292040, at *10 (Dec. 10, 2007); <u>Gall v. United States</u>, 2007 WL 4292116 at *6 (Dec. 10, 2007). The advisory nature of the Guidelines applies to all aspects of the sentencing process including an initial sentencing, appellate review of a sentence, and a re-sentencing upon remand. As stated in <u>Clark v. Martinez</u>, 543 U.S. 371, 378 (2005):

> The operative language of [a statute] applies without differentiation to all three categories that are its subject (discussing 8 U.S.C. § 1231).

Here, the role of the Sentencing Guidelines and the Sentencing Reform Act must be consistent. Accordingly, the final phrase of § 3582(c):

*MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE*
<u>*United States of America v. Gerson Nunez*</u>
*Case No. 3:99-cr-036-HRH*                                       *Page 3 of 5*

> If such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

must be read consistently with Booker as advisory only, and not as limiting the discretion of the sentencing court.

The same reasoning applies to §§ 3553(a)(4)&(b). In considering a § 3582(c) motion, any Commission policy statement limiting the sentencing court's ability to consider the factors set forth in § 3553(a) in exercising discretion to grant a motion under § 3582(c)--including time limitations--is invalid because such temporal limitations or restrictions on discretion is contrary to § 3582(c). Stinson v. United States, 508 U.S. 35, 38 (1993). The court in considering a § 3582(c) motion can consider the Commission advice that a reduction may only be brought after March 3, 2008, but the court does not appear bound by that advice.

The Commission did not publically explain why it decided that the Crack Amendment should be made retroactive as of March 3, 2008, but, news media suggests that it was for the convenience of the Bureau of Prisons to allow time for re-entry planning.

The defendant in this case was sentenced on April 6, 2000, to 151 months, 12.58 years, for 15-50 kg of powder cocaine (41.58, according to the PSR). At that time, he was level 34, criminal history I. After the crack amendments, his offense

*MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE*
*United States of America v. Gerson Nunez*
*Case No. 3:99-cr-036-HRH*                                                   *Page 4 of 5*

level is reduced by 2 levels, to level 32 (121-151 months, 10.08-12.58 years). The resentencing therefore should reduce the sentence by a year and a half. Once he is resentenced, it should be to time served, when one factors in good time. Defendant therefore requests consideration of his motion on shortened time.

    RESPECTFULLY SUBMITTED this 3rd day of March 2008.

> s/John C. Pharr
> Attorneys for Defendant,
> Gerson Nunez
> 733 W. 4th Ave, Suite 308
> Anchorage, Alaska 99501
> Phone: 907/272-2525
> Fax: 907/277-9859
> E-mail: jpharr@gci.net
> AK # 8211140

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on
March 4, 2008 a copy
of the foregoing was served
electronically:

U.S. Attorney's Office

s/John C. Pharr

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE
United States of America v. Gerson Nunez
Case No. 3:99-cr-036-HRH                                                    Page 5 of 5