IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
MAR 11 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | | |
|---|---|---|
| GERSON NUNEZ, Defendant, | ) ) ) | D.C. NO.: A99-0036-HRH |
| vs. | ) | |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) | Hon. R. Russel Holland U.S. District Judge |

RENEWED MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c) AND MOTION TO REMOVE COUNSEL

NOW COMES, Gerson Nunez, pro se, Defendant in the above entitled matter; does submit and file this "Renewed Motion for Modification of Sentence Pursuant to 18 U.S.C. §3582(c) and Motion to Remove Counsel"; and after consideration of all files, records, motions, pleadings, attachments, exhibits, and things alike; respectfully moves the Honorable Court to GRANT this motion, in the interest of justice; and to prevent a miscarriage of justice.

In further support of this motion, Defendant urges the Court to consider the following:

1. On November of 1999, following a six day jury trial, Defendant Gerson Nunez was found guilty of Counts 1, 14, 17, 18, 19 and 23 as charged in the Second Superseding Indictment.

2.- Defendant was found guilty; in Count 1 Conspiracy to Possess with Intent to Distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §846; in Count 14 Distribution of Controlled Substance, cocaine in violation of 21 U.S.C. §841(b)(1)(C); in Counts 17-19 Distribution of a Controlled Substance, cocaine base (crack) in violation of 21 U.S.C. §841(b)(1)(B); in Count 23 Distribution of a Controlled Substance cocaine in violation of 21 U.S.C. §841(b)(1)(C).

3. The Presentence Report Investigation (PSI) included enhancement for drug quantity involving crack. Based upon the crack enhancement the Defendant was sentence to level 34.

4. Defendant base offense level by the U.S. Sentencing Guidelines for violation of 21 U.S.C. §841(a)(1) is found in U.S.S.G. §2D1.1. The base offense level is specified in the drug quantity table set forth in U.S.S.G. §2D1.(c). The U.S.S.G. offense level was 34. On April of 2000, Defendant Gerson Nunez was sentenced to the lower end of the U.S.S.G. at 151 months imprisonment with five (5) years of supervised release.

### Argument

Defendant Gerson Nunez, is pro se, in the above matter "motion for resentencing" and in accordance with the mandate of the Supreme Court in **Haines v. Kerner**, 404 U.S. 519 (1972) the court must construe Defendants pleadings liberally. **Bretz v. Kelman**, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985); **Garaux v. Pulley**, 739 F.2d 437 (9th Cir. 1984).

On December 10, 2007, the Supreme Court decided **Kimbrough v. United States**, 128 S.Ct. 558, 569 (2007) the guidelines were changed effective November 1, 2007, to reduce "the base offense level associated with each quantity of crack by two levels. On December 11, 2007, the U.S. Sentencing Commission voted unanimously to amend the U.S. Sentencing Guidelines for those offenders who have been convicted and sentenced with cocaine base (crack). The Amendment was made retroactive as of March 3, 2008. The Sentencing Commission changed the guidelines to reduce the disparity in prison time for cocaine and cocaine base (crack). Cocaine base resulted in a harsher sentence.

Title 18 U.S.C. §3553(a)(6) directs district courts to consider the need to avoid unwarranted disparities-along with other §3553(a) factors---when imposing sentence. To reach an appropriate sentence, these disparities must be weighed against the other §3553(a) factors and any unwarranted disparity created by the crack/powder ratio itself.

The Defendant in the case at bar, is a first time offender; and receive a harsh sentence because of the crack that was attributed to him for sentencing purposes. Defendant Nunez was sentenced to 151-months in prison with five (5) years of supervised release. The mandatory minimum is ten (10) years (120 months). As of today, Defendant has served one hundred and eighth (108) months which exceed the mandatory minimum with good time credit (GCT). The Defendant was sentenced at level 34 (151-188 months). The Court sentenced the Defendant to the lower end of the guidelines (151 months). With

a two (2) point reduction Defendant level is 32 with a minimum of 121-151 months. <u>Kimborough</u>, id. Defendant Nunez is entitled to a 2 point reduction as stated by the Supreme Court associated with each quantity of crack. Defendant has served more than the entire sentence and exceed the mandatory minimum of 121 months.

The BOP has prepared Defendant's new computation (See Exhibit -I-) and has agreed that Defendant is entitled to immediately release from custody based upon the 2 points reduction in sentence. The BOP has taken Defendant DNA and has prepared all Defendant's release paper waiting for the Court's order to release the Defendant.

The Defendant request modification of his sentence based upon the retroactivity on crack which was passed on December 11, 2007, and the Supreme Court decision in <u>Kimborough</u>, id. Accordingly, an offender who has been convicted of crack can benefit with a least 2 point reduction of sentence. The Defendant has served more than the mandatory minimum and is entitled to a reduction of his sentence. The reduction would result in immediate release.

Defendant would further direct the Court (as noted in the foregoing) that the BOP has computed that the two point reduction mandated by the Federal sentencing Commission (retroactive) would result in immediate release. Thus this matter in the case at bar rises to a **custodial level**. The Court may contact Defendant's Case Manager - Mr. Paul Gibson - SPC-Canaan: 570.488.8000 Ext. 8204 for further verification.

Therefore, Defendant respectfully moves the Honorable Court to comply with the mandate of the U.S. Supreme Court in <u>Kimbrough</u>;

and, the requirement (retroactive) of the Federal Sentencing Commission to reduce the offense level two (2) points to level 32, which results in more than time served with good time conduct (GCT). The Defendant mvoes the Court for immediate release.

## MOTION FOR REMOVAL OF COUNSEL

Defendant had initially requested the Court appoint CJA counsel in the matter. The Court appointed Mr. Pharr who had previosly represented the Defendant on direct appeal.

Mr. Pharr failed to promptly file the motion for resentencing The Defendant was very concerned and after several days of trying to reach Mr. Pharr (including calls to his secretary, U.S. Probation and the Court's Clerk); finally on February 21, 2008, Mr. Pharr spoke with the Defendant. The Defendant expressed anxiety and concern over Mr. Pharr's failure to promptly file the motion for reduction of sentence; especially as the Defendant had advised him in writing of the BOP's computation for immediate release.

Defendant requested Mr. Pharr file the motion forthwith. Mr. Pharr finally complied on March 3, 2008. Then, after realizing Mr. Pharr had filed an incorrect computation with the Court (Defendant was advised of the filing by the Court's Clerk which Mr. Pharr's secretary confirmed. Defendant requested Mr. Pharr correct same. On March 6, 2008, after a phone conversation Mr. Pharr informed the Defendant that he had spoke with the U.S. Attorney who had computed ??? "drug quantities" and that the Defendant was not entitled to the two point reduction!. The Defendant requested Mr. Pharr to withdrawn from Defendants' case. Defendant would proceed pro se. The Defendant

is not an attorney or legal expert, but Defendant certainly understands the new U.S.S.G. guideline amendment (1B.1.10) and understands the two point reduction mandated is to compensate for any disparity created by the 100:1 "crack to powder" ratio. Any further changes are subject to the Court's discretion under Kimbrough as Booker may apply. The discretion of the Court does not apply to the two point reduction. Mr.Pharr's story was too "far fetched". [Note: the telephone conversation was recorded by the BOP Inmate Telephone System.] Mr.Pharr apparently (to the opinion of this Defendant) was concerned about his liability for not filing timely and not filing accurate information. Defendant avers Mr.Pharr abandoned his Sixth Amendment obligation to the Defendant. In event Mr.Pharr withdrew his motion. Defendant has had ineffective assistance of counsel. Defendant therefore, invokes his Sixth Amendment right to self-representation. Faretta v. California, 422 US 606 (1975).

Defendant respectfully moves the Court to allow Defendant to proceed pro se. Defendant waives any hearing to the matter. Defendant invoke his right to self-representation.

**WHEREFORE,** Defendant respectfully prays the Honorable Court issue an Order for the following:

1. **GRANT** Defendant the Motion for Sentence Reduction.
2. **ORDER** an Amended Presentence Report.
3. **GRANT** Defedant immediate release for time served.

4. **ALLOW** Defendant to proceed pro se.

5. **REMOVE** Mr. Pharr as counsel.

**ALL** of the foregoing in the interests of justice.

**FURTHER**, provide any and all other relief the Court deems just and proper according to law, in the interests of justice.

Respectfully Submitted this 7th day of March 2008.

                                 _/s/ Gerson Nunez_, Pro se
                                 Gerson Nunez, pro se

---

### CERTIFICATE OF SERVICE

I, Gerson Nunez, hereby certify that an copy of this "Renewed Motion for Sentence Reduction and Removal of Counsel" was placed in the SPC-Canaan "legal Mail" system on the 7th day of March 2008; postage prepaid; first class mail; for delivery to the following:

AUSA Audrey J. Renschen
222 West 7th Avenue #9
Anchorage, AK 99513

John Pharr, Esq.
Attorney for Defendant
733 West 4th Street Suite 308
Anchorage, AK 99501

                                 _/s/ Gerson Nunez_
                                 Gerson Nunez

Gerson Nunez
Reg. No. 46057-054
SPC-Canaan, P.O. Box 200
Waymart, PA 18472

Clerk of the Court
United States District Court
District of Alaska
222 West 7th Avenue #4
Anchorage, AK 99513

**THIS CORRESPONDENCE IS FROM AN INMATE CURRENTLY IN THE CUSTODY OF THE BUREAU OF PRISONS**



U.S. POSTAGE PAID
WAYMART, PA
18472
MAR 07, 08
AMOUNT
$0.00
00029712-05

UNITED STATES POSTAL SERVICE
0000
99513

