IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

RECEIVED

MAY 0 8 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.: 3:99-cr-0036-02 HRH |
| v. | : | |
| | : | |
| GERSON NUNEZ | : | Hon. H. Russel Holland |
| | : | U.S. District Judge |

---

**MOTION TO SUPPLEMENT
MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. §3582(c)**

---

**NOW COMES**, Gerson Nunez, Defendant, pro se, in the above entitled matter; does submit and file this "Motion to Supplement"; and, does respectfully move the Honorable Court to accept the instant motion in the interests of justice.

**FURTHER**, based upon, but not limited to these few reasons herein; and, in consideration of Defendant's pending motions for modification of sentence pursuant to 18 U.S.C. §3582(c), the Defendant moves the Honorable Court to **GRANT** Defendant the two (2) point reduction authorized by the Federal Sentencing Commission for "crack cocaine" cases; and **RELEASE** the Defendant with time served in the interests of justice, and, to prevent a miscarriage of justice.

In support of this instant motion, Defendant urges the Honorable Court to consider the following:

1. Subsequent to filing the pending motions, Defendant has become aware of Ninth Circuit case law that is mandatory authority in the case at bar.

2. Defendant hereby notices the Honorable Court in <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007) (Decided January 11, 2007).

3. Hicks was decided before <u>Kimbrough v. United States</u>, 129 S.Ct. 558, 169 L.Ed. 2d 481 (2007)(Decided December 10, 2007); and, before the Federal Sentencing Commission Amendment to reduce the "crack cocaine" offense level two (2) points retroactive. (Retroactive decided December 11, 2007).

4. The Ninth Circuit has stated that although the Defendant was sentenced under the old mandatory guideline scheme; when a sentence may potentially be modified under 18 U.S.C. §3582(c), <u>United States v. Booker</u>, 543 US 220 (2005) making the U.S.S.G. advisory, the District Court may resentence under the advisory scheme.

5. Several District have already adopted this position outside the Ninth Circuit. The issue appears to be that there is an "unbundling" type effect on the sentence. To modify the sentence under advisory guidelines, in part; and, leave to remainder of the sentence intact under the mandatory guidelines cannot be reconciled.

6. Defendant in the case at bar is subject to the case law of the Ninth Circuit in <u>Hicks</u>, id. This is mandatory authority.

7. There can be no doubt that the Defendant is entitled to the two (2) point reduction under the Amendment; and, to time served.

8. Notwithstanding any other argument of the government, the Defendant would prevail under a <u>Booker</u> resentencing regardless. Defendant must be released with time served no matter how the adjudication is completed.

**WHEREFORE,** the Defendant prays the Honorable Court issue an ORDER and **GRANT** Defendant a two (2) point reduction; and, **RELEASE** the Defendant with time served.

Respectfully Submitted this 6th day of May 2008.

*/s/ Gerson Nunez*
Gerson Nunez, pro se

------------------------------------------------------------

### CERTIFICATE OF SERVICE

I, Gerson Nunez, hereby certify that a copy of this "Motion to Supplement" was placed in the SPC-Canaan prison mail system; sent first class mail; postage prepaid; on the 6th day of May 2008; for delivery to the following:

AUSA Audrey J. Renschen
U.S. Attorney's Office
Federal Building & U.S. Courthouse
222 West Seventh Avenue   #9   Room 253
Anchorage, AK   99513-7567

*/s/ Gerson Nunez*
Gerson Nunez

SCRANTON PA 184

06 MAY 2008 PM I T

THIS CORRESPONDENCE IS
FROM AN INMATE CURRENTLY
IN THE CUSTODY OF THE
BUREAU OF PRISONS

Clerk of the Court
United States District Court
District of Alaska
222 West 7th Avenue #4
Anchorage, AK 99513

Gerson Nunez #46057-054
SPC-Canaan, P.O. Box 200
Waymart, PA 18472

"LEGAL MAIL"