NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-5011
Email: audrey.renschen@usdoj.gov

Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) Case No. 3:99-cr-0036-02 (HRH) |
|---|---|
| Plaintiff, | ) **GOVERNMENT'S** |
|  | ) **NON-OPPOSITION TO** |
| v. | ) **DEFENDANT'S MOTIONS AT** |
|  | ) **DOCKETS 681 AND 688, FOR** |
| GERSON NUNEZ, | ) **REDUCTION OF SENTENCE** |
|  | ) **PURSUANT TO 18 U.S.C. § 3582(C)** |
| Defendant. | ) |
|  | ) **FILED ON SHORTENED TIME** |

Plaintiff United States of America, through its counsel of record, Assistant

United States Attorney Audrey J. Renschen, does not oppose defendant Nunez'

*pro se* Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C.

§ 3582(c) (docket 681) and his *pro se* Motion to Supplement Defendant's

Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)

(docket 688). Although none of the authorities in those filings set forth legal bases for a sentence reduction, a subsequent Amendment 715 to the Sentencing Guidelines does provide legal authority to reduce Nunez' sentence.

Nunez was not initially eligible for any sentencing reduction. However, Amendment 715, which just became effective on May 1, 2008, now qualifies Nunez for a sentencing reduction.

## FACTUAL BACKGROUND ON NUNEZ

Gerson Nunez went to trial and was convicted in November 1999, before the Honorable James M. Fitzgerald, on Count 1, Conspiracy, and for Distribution of Controlled Substances on Counts 14 (Cocaine), 17, 18, 19 (Cocaine Base) and 23 (Cocaine).

At sentencing on April 6, 2000, Nunez received a term of 151 months, the bottom of the guideline range of 151-188 months. Judgment at Docket 377. His sentence was based on a finding of 41.58 KG of cocaine powder (a combination of 3,036.25 grams of cocaine powder and 385.45 grams of cocaine base). Nunez' Base Offense Level and ultimately, his Total Offense level, was 34 (no other adjustments for specific offense characteristics or role in the offense were added, nor was he eligible for an acceptance of responsibility reduction). Presentence Report pp. 5-6, ¶¶ 24-33, filed under seal at Docket 672. Included in Nunez' PSR offense calculations adopted by the court were quantities of cocaine and cocaine

base from uncharged relevant conduct. PSR pp. 3-5, ¶¶ 20-23.

## BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENTS

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

In Section 1B1.10 of the Sentencing Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief

---

[1] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
  (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
  (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 715, effective May 1, 2008. This amendment revised the manner in which combined offense levels are determined in cases involving cocaine base and one or more other controlled substance. Some offenders were found to have experienced anomalous results with the conversion tables set forth by the earlier Amendment 706, which went into effect on November 1, 2007, and was retroactively effective on March 3, 2008. One such result was identified in <u>United States v. Watkins</u>, 531 F. Supp.2d

943 (D.C. E.D.Tenn, 2008) a case Nunez cited in his supplemental briefing.

<u>Watkins</u>' discovered when calculating *mixtures* of drug quantities under the revised Sentencing Guidelines, that the proportionality principles of the Sentencing Guidelines became skewed.  However, Nunez' drug quantities did not fit within one of those discovered anomalous calculations.[2] So <u>Watkins</u> alone failed to provide Nunez even a theoretical alternative for sentence reduction.

Recently, however, the changes enacted in Amendment 715 improved Nunez' situation. The Commission determined that Amendment 715 should also be applied retroactively, and expressly amended Section 1B1.10(c) to do so. Therefore, as shown below, application of the new guideline amendment lowers Nunez' offense level and his sentencing range.

## HOW NUNEZ' OFFENSE LEVEL IS CALCULATED USING THE SENTENCING GUIDELINES AMENDMENTS

The calculations applicable to Nunez, using the drug equivalency tables at U.S.S.G. §2D1.1(c) and its Commentary at Application Note 10 (D), as modified by Amendment 715, are listed below.

- Calculate Base Offense Level (BOL) for 385.45 grams of cocaine base using U.S.S.G. §2D1.1 Application Notes 10 (B) and (E), to find Marijuana Equivalency (MJ) [20 kg MJ per 1g cocaine base]:
  385.45g cocaine base x 20kg MJ = 7,706.80 kg MJ

---

[2] Nunez' cocaine base amounts totaled 385.45 grams. Under <u>Watkins</u>, <u>Id.</u> at 945, n. 1, that quantity did not fall into any of the range anomalies in which the court discovered an increase in the offense level.

- Calculate MJ equivalency for 3,036.25 grams of cocaine powder using U.S.S.G. §2D1.1 Application Note 10 (E): [1 gm of Cocaine = 200gm MJ], or 3036.25 x 200 = 607,250gm MJ, or 607.25 kg

- Add MJ equivalents for cocaine base: 7.706.80 kg
  and cocaine: +607.25 kg
  Equals: 8,314.05 kg

- Calculate BOL for 8,314.05 kg of MJ equivalents using U.S.S.G. §2D1.1(c)(3):
  At least 3,000 KG but less than 10,000 KG of Marijuana = Level 34

- Then, under the NEW U.S.S.G. §2D1.1, Application Note 10(D)(I), "reduce the combined offense level by 2 levels"[Level 34-2 = Level 32].

Level 32 BOL and Criminal History I results in sentencing range of 121-151months.

**STIPULATION OF THE PARTIES TO A SENTENCE OF 121 MONTHS**

Since Nunez' case involved a guideline sentence involving a non-violent offender with a minor post-sentencing disciplinary record (2006 possession of a blue exercise mat and 2000 lying or falsifying statement), the government offered a bottom-end guideline sentence on the recalculated sentencing range of 121-151 months imprisonment. The parties entered into a written stipulation, which is attached as Exhibit 1.

All other aspects of Nunez' sentence are to remain as originally ordered. In return for the government's agreement of a bottom-end guideline sentence of 121 months, the defendant agreed to waive any resentencing hearing, and any appeal

or collateral attack of the modified sentence.

**CONCLUSION**

Accordingly, under U.S.S.G. Amendment 715, and 18 U.S.C. § 3582(c), the district court now has legal authority to re-sentence Nunez. The parties encourage the court to do so pursuant to the attached stipulation.

RESPECTFULLY SUBMITTED this 9th day of May, 2008, at Anchorage, Alaska.

> NELSON. P. COHEN
> United States Attorney
>
> *Audrey Renschen*
>
> AUDREY J. RENSCHEN
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-5011
> Email: audrey.renschen@usdoj.gov

I declare under penalty of perjury that a true and correct
copy of the foregoing was sent to the pro se defendant on
May 9, 2008, via United States Mail at the following address:

Gerson Nunez, Pro Se
Reg. No. 46057-054
SPC – Canaan,
P.O. Box 200
Waymart, PA 18472

*Audrey Renschen*